**In re McKEE.**

**Patent Appeal No. 3389.**

Court of Customs and Patent Appeals.

March 4, 1935.

Roy W. Johns, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office for a patent on certain alleged improvements in a method of treating meat and meat products, especially as to the slicing of meats either with or without bone. Both tribunals in the Patent Office rejected claims 1 to 7, inclusive, 18 to 26, inclusive, 28, and 30, and allowed a number of claims in which appellant's method was more specifically defined and set forth. Claims 1, 6, 22, and 26 are thought to be typical, and are here given:

"1. The industrial method which consists in freezing a carcass part to rigidify it and then while it is in frozen condition slicing the same."

"6. The method which consists in freezing a carcass part containing bone, and then slicing it through both the meat and the bone by means of a knife-blade cutter."

"22. The method which consists in freezing a carcass part containing bone to rigidify it, slicing the said part while still substantially rigid, and then enclosing the sliced meat part, with the slices in their natural position, in an appropriate wrapping adapted to hold the meat part in its natural shape."

"26. The method of packing meat which comprises freezing a carcass part, slicing while frozen, gathering together while frozen and wrapping a plurality of the slices with their cut surfaces in contact with one another, and maintaining the same at freezing temperatures until the said slices are separated."

Appellant's method consists of the preparation of meat, and provides, in brief, for first freezing it to a lower temperature than is desired, and then tempering it for a brief interval to permit it to come to the same temperature throughout, but which temperature is sufficient to enable the slicing of the meat and its contained bone to any desired thickness. The meat is then sliced by a machine "of the knife-edge cutting variety." The process of cutting, especially in meats such as hams, consists of slicing the meat through the entire surface of the piece, including bone, but leaving a small section of skin at one side which is not cut through, and by means of which the pieces are held in their natural position.

The inventor, by these means, proposes to eliminate sawdust, to keep his meat in its natural position so that the pieces may be thus held together by tapes or strings, and to obviate oxidation of the cut surfaces of the slices of meat. By treating the meat in this way, the appellant believes it can be better packaged, and will sell more readily on account of its attractive condition and ease of handling. Labor in slicing is obviated, and, in many ways, according to the appellant, the trade is benefited. The appellant also specifies the range of temperatures which he ordinarily employs.

After the original application was filed, the appellant amended his application and added the following as a part thereof: "The term 'slice' as used herein refers to a minor division of the carcass part, and the term 'slicing' refers to the separation of the carcass, or carcass part, into such minor divisions in whatever manner may be employed, as for instance, by means of a knife, chopping tool, or saw." This amendment was retained in the specification, and is now a part thereof.

The tribunals of the Patent Office rejected the claims in question on the following references:

Hoy, 1,129,868, March 2, 1915.

Habrie, 1,110,773, September 15, 1914.

Linkiewicz, 1,079,778, November 25, 1913.

Vaughan, 1,747,461, February 18, 1930.

The patent to Linkiewicz discloses a meat slicing device which cuts the meat in uniform slices and holds the severed parts in substantially the same position or shape as the original piece of meat before slicing.

The patent to Habrie shows a bread slicing device, and discloses that it is desirable, at times, to leave sufficient of the exterior surface of the loaf of bread uncut, so that the slices will remain in their original position where they can be held together and exclude the air from the severed edges.

The patentee Hoy has a device for cutting and grinding meat, especially adapted to the production of products like pemmican. In Hoy's process he first freezes the meat and then cuts it up by means of a number of knives, the meat fibers being cut up "endwise." By this method, the patentee states he avoids the destruction of the cells of the meat. The patentee also discloses that by his process the bones also are reduced to a powder, and states that bones may be readily reduced when frozen to a low temperature.

The patent to Vaughan shows a process for cutting meat, such as steaks, chops, and the like, "with a clean smooth cut so similar to a knife cut that it is hardly distinguishable therefrom." The patentee accomplishes this object by means of a band saw, the teeth of which are set at a very slight angle, and which saw moves above 2,100 feet per minute. He thus cuts meat, including gristle, fat, and bone, and his process will "sever the meat with a knife-like cut."

We are in agreement with the Board of Appeals that the rejected claims are fully met by the references cited. The appellant has so broadened the meaning of the term "slicing," as used in his specification, by his amendment, that his rejected claims read on the prior art as cited. Counsel argue, for instance, that the reference Hoy is for a method of chopping and pulverizing meat. However, the term "slice," as used by the appellant, includes the use of a chopping tool. Likewise, many of the claims read upon Vaughan, because the term "slice," as used by the appellant, includes the use of a saw. If there be anything inventive in the slicing of frozen meat, as to which point we are not called upon here to express an opinion, this feature is amply anticipated by the disclosure of Hoy. It is objected that the slicing of bread, as in Habrie, is not an allied art to meat slicing. It is the method of slicing, not the material sliced, which constitutes the involved art, and hence the Habrie reference is applicable.

Claim 6 recites, in part, that the slicing is done "by means of a knife-blade cutter," and appellant contends that this constitutes a patentable limitation. A similar limitation is found in claim 7. The difficulty with this position is that the appellant, by his definition of the meaning of "slicing," as expressed in his amendment, considers a knife, a chopping tool, and a saw as equivalents. If he so considers and treats them, then he can claim no patentable distinction between them upon this application.

As to the exact method used by the appellant by which he first chills his meat and then tempers it, the Patent Office has allowed the appellant claims which fully cover this feature.

The decision of the Board of Appeals is affirmed.

Affirmed.